**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

MYRON ANDERSON                                                          PETITIONER
ADC # 123288

v.                                         Case No. 5:10CV00258 SWW-JTK

RAY HOBBS, *Director*,
Arkansas Department of Correction                                       RESPONDENT


## ORDER

Petitioner's Motion for a Writ of Mandamus (DE #16) was referred to the undersigned for

disposition. On August 28, 2010, Plaintiff filed a Petition for Writ of Habeas Corpus (DE #2). Since

then, he has filed motions for hearing and amendment of the habeas petition (DE ## 10, 11). The

court denied the hearing motion (DE #12) and treated the motion to amend as a reply to the response,

granting Petitioner an additional 30 days to supplement that reply (DE #13). Petitioner filed a

supplemental reply on November 29, 2010 (DE # 15). Petitioner has now filed this pending motion

for a writ of mandamus.

In his motion, Petitioner cites to an unspecified rule that he essentially argues requires the

court to render a final determination and enter a final judgment no later than 180 days after the date

on which his application for writ of habeas corpus was filed. He further states that this unspecified

statute "permits the district court to extend this period for up to 30 days upon a finding that 'the ends

of justice ... would be served by allowing the delay[.]'"

The unspecified rule to which Petitioner seems to be referring is 28 U.S.C. § 2266 that

imposes special time constraints for the disposition of §2254 petitions filed by persons under a

sentence of death. Section 2266(b)(1)(A) mandates that district courts render a final determination

and enter a final judgment on any application for habeas corpus relief in a capital case "not later than

180 days after the date on which the application is filed." Thus, all stages of the § 2254 pleadings

must be sequenced in a manner that leaves sufficient time for the court to review the record and

prepare an Order ruling on all issues raised therein. The court may extend this time period, one time,

for thirty days, for limited and specified causes, including a determination that the ends of justice

would be served. 28 U.S.C. § 2266(c)(i)-(iii). Further, the district court is required to give priority

to capital habeas petitions "over all noncapital matters." 28 U.S.C. § 2266(a). If the district court

does not comply with this time limitation, the state may petition the appellate court for a writ of

mandamus and the appellate court must "act on the petition ... not later than 30 days after the filing

of the petition." 28 U.S.C. § 2266(b)(4)(B).

Section 2266 does not apply to Petitioner's case. A jury in Ashley County, Arkansas found

him guilty of five counts of committing a terroristic act and one count of being a felon in possession

of a firearm arising out of the shooting of seven people in a nightclub (DE # 2, Petition for Writ of

Habeas Corpus, at 20). The jury sentenced Petitioner to serve 110 years in the Arkansas Department

of Correction. Id. While his sentence is lengthy, Petitioner is not under a sentence of death.

Therefore, to the extent Petitioner is asserting 28 U.S.C. § 2266 to support his allegation that the court

should have ruled on the case by now, he is in error. As such, the motion is denied.

IT IS THEREFORE ORDERED that Petitioner's Motion for a Writ of Mandamus (DE #16)

is DENIED.

SO ORDERED this 3rd day of March, 2011.

_____
UNITED STATES MAGISTRATE JUDGE

2