IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

MYRON N. ANDERSON
ADC #123288                                                                          PETITIONER

v.                                        Case No. 5:10CV00258 SWW-JTK

RAY HOBBS, Director,
Arkansas Department of Correction                                           RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Susan W. Wright.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must,

at the same time that you file your written objections, include the following:

1.  Why the record made before the Magistrate Judge is inadequate.

2.  Why the evidence proffered at the hearing before the District Judge (if such a  hearing is granted)  was not offered at the hearing before the Magistrate Judge.

3.  The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## **DISPOSITION**

BEFORE THE COURT is the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed on August 26, 2010, by Petitioner, Myron N. Anderson (DE #2, Petition).  An Ashley County jury found Anderson guilty of five counts of committing a terroristic act and one count of being a felon in possession of a firearm in connection with the shooting of seven people in a nightclub.  Anderson is serving an aggregate 1320 months' sentence—110 years—in the Arkansas Department of Correction (DE #9-1, Exhibit A).  On appeal to the Arkansas

Court of Appeals, Anderson argued the trial court erred in denying his motions for directed

verdict; in overruling his objection to the addition of a second panel of prospective jurors; and

in denying his motion for a new trial based on the seating of the second panel of jurors.[1]  The

Arkansas Court of Appeals affirmed the trial court (DE #2, Opinion, at 20-22).  *See Anderson v.*

*State*, CACR08-458, 2009 WL 196315 (Jan. 28, 2009).  Subsequently, Anderson filed a petition

for post-conviction relief pursuant to Ark. R. Crim. P. 37.  In that petition, Anderson argued his

trial counsel was ineffective because he failed to object to the selection of a prospective juror

who was not a part of the jury panel and should not have been selected.  The Ashley County

Circuit Court denied the petition (DE #2, Order, at 23-25).  Anderson appealed, but the

Arkansas Supreme Court dismissed the appeal (DE #2, Per Curiam, at 26-28).  *Anderson v. State*,

2009 Ark. 493, 2009 WL 3235533.  Anderson timely filed the instant habeas petition.

In his federal habeas petition, Anderson asserts the following eight grounds for relief:

(1) the trial court erred in denying his motion for directed verdict of acquittal; (2) the trial court

erred by overruling the objection to the addition of a second panel of jurors; (3) the trial court

erred in denying the motion for new trial; (4) trial counsel was ineffective because he failed to

object to the unconstitutional seating of a juror; (5) trial counsel was ineffective because he failed

to show a videotaped statement of a key State witness that was made before trial and that could

have been used to attack the witness's credibility; (6) trial counsel was ineffective because he

failed to make a sufficient directed verdict motion that challenged the sufficiency of the

---

[1]The Ashley County Circuit Court's Order denying the Motion for New Trial can be found
at DE #2, Order, at 19.

evidence; (7) he was denied a fair and impartial trial because one empaneled juror was related to a shooting victim; and (8) he was denied his constitutional right to due process and equal protection of the law because one empaneled juror was related to a shooting victim (DE #2, Petition, at 5-18).

Respondent contends each ground for relief is either non-cognizable, procedurally defaulted, or decided by the Arkansas Supreme Court on adequate and independent state grounds. Therefore, Respondent contends that Petitioner is not entitled to relief and that the entire petition should be dismissed with prejudice (DE #9, at 3).

**Discussion**

Other than ground four, all of Anderson's claims are procedurally defaulted. In ground four, Anderson contends that trial counsel was ineffective for failing to object to the unconstitutional seating of a juror and that the juror was not properly chosen for the jury based on his badge number. Anderson states that the documentary evidence shows that the juror, Curtis Boston, was assigned to badge number 9 and was not called from the jury wheel (DE #2, Petition, at 11-12). He argues Boston initially denied any relationship to one of the shooting victims but later admitted that he was "the brother of the victim Reco Webb by marriage." *Id.* at 12. Anderson states that the

> trial judge and all three attorneys had more than ample reason to excuse Boston for cause" and that it is "not good advocacy for this particular juror to some how [sic] not be excused when there were plenty of strikes available to the defense to avoid the prejudice and having an impartial jury. Curtis Boston Jr. illegally sat on [the] jury trial to deliberate and cast a vote when badge number sixty was not him.

4

*Id.*

During voir dire, Boston indicated that one of the shooting victims was his "brother's wife's brother," in other words, his sister-in-law's brother. Boston noted that he did not know his sister-in-law or her brother well. (DE #9-4, Transcript, at 1) Boston was empaneled without objection or challenge from defense counsel. *Id.* at 31. Anderson raised this ineffective-assistance-of-counsel claim in his Rule 37 petition, and the Arkansas Supreme Court held counsel was not ineffective for failing to make a meritless argument, stating "[b]ecause appellant did not state a meritorious basis upon which counsel could have objected to the seating of the juror and the record clearly supports the juror's selection, appellant's claim as to ineffective assistance on that basis fails[.]" *Anderson v. State*, 2009 Ark. 493, at * 3.

Because the Arkansas Supreme Court addressed this claim on the merits, Petitioner must show that the decision was "contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1). A state court's decision is contrary to clearly established Supreme Court precedent when it is opposite to the Court's conclusion on a question of law or decided differently than the Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). A state court's determination is an unreasonable application of Supreme Court precedent if it unreasonably refuses to extend a legal principle to a new context where it should apply. *Carter v. Kemna*, 255 F.3d 589, 592 (8th Cir. 2001) (citing *Williams*, 529 U.S. at 407). "Federal habeas relief is warranted only when the refusal was 'objectively unreasonable,' not when it was merely erroneous or incorrect." *Id.* (quoting *Williams*, 529 U.S. at 410-11).

The record clearly shows that Boston informed the court of the relationship between himself and one of the shooting victims.  Boston explained the relationship and noted that he did not know the victim or his sister-in-law well, stating:

| | |
|---|---|
| BOSTON: | It just dawned on me that is my wife's brother, my brother's wife's brother. |
| PROSECUTOR: | But if Mr. Webb testifies one way and other witnesses testify the other way, you can't, you can't get over Mr. Webb's side of the story, is that going to prevent you - - |
| BOSTON: | I don't know Mr. Webb that well.  I really don't know my sister-in-law that well. |

(DE #9-4, Exhibit D, at 1).   Further, the record demonstrates that Boston was called by juror badge number 9 and not 60.  While the trial court's order denying Rule 37 relief mistakenly lists badge number 60, it is clear from the record that Boston was in fact properly called from the jury wheel and not improperly seated.  The record shows as follows:

| | |
|---|---|
| COURT: | What we'll do next is I will call your names from this wheel and as your names are called, we're going to fill up the jury box first and then we're going to fill up the left side of the courtroom. . . . Juror number 9, Curtis Boston, Curtis Boston. |

(DE #9-4, Exhibit D, at 4-5).

The Arkansas Supreme Court found that counsel's conduct, in failing to make a meritless objection or in imploring a bad tactic or strategy in jury selection, did not amount to ineffective assistance.  Absent evidence that a biased juror was actually seated, a claim that counsel was ineffective during voir dire necessarily fails.  *See Singleton v. Lockhart*, 871 F.2d 1395, 1400 (8th

Cir. 1989) (citing *Strickland v. Washington*, 466 U.S. 668, 694 (1984)).   The Court questioned

Boston about his relationship with one of the victims, and neither party took issue with that

relationship.  Anderson has pointed to absolutely nothing suggesting that Boston was biased,

either actually or implied.  The state court's determination was not contrary to, nor did it involve

an unreasonable application of, clearly established federal law.

Grounds one, two, three, seven, and eight[2] are procedurally defaulted because Anderson

failed to fairly present these arguments to the state court. A federal court is precluded from

considering a habeas corpus claim that a "state court has disposed of on independent and

adequate non-federal grounds, including state procedural grounds." *Clemons v. Luebbers*, 381 F.3d

744, 750 (8th Cir. 2004) (citing *Reagan v. Norris*, 279 F.3d 651, 656 (8th Cir. 2002)).  Where a state

court dismisses a habeas petitioner's claim on independent and adequate state law grounds or

the petitioner has failed to fairly present his claims to the state court, his claims are procedurally

defaulted, and a federal district court cannot consider them unless the petitioner can

demonstrate cause for the default and actual prejudice as a result fo the alleged constitutional

violation or actual innocence.  *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991).   "In other

words, a state prisoner who fails to satisfy state procedural requirements forfeits his right to

present his federal claim through a federal habeas corpus petition, unless he can meet strict cause

and prejudice or actual innocence standards." *Clemons*, 381 F.3d at 750.

In ground one, Anderson contends the prosecution failed to meet its burden of proof

---

[2]The Court reads grounds three, seven, and eight to encompass the same arguments.
However, to the extent that grounds seven and eight are different than ground three, they still fail
because they were not properly presented to the Arkansas courts and are therefore defaulted.

and that the evidence was insufficient to convict him.[3]   He recounts the testimony and

statements by witnesses to support his conclusion that the prosecution failed to prove beyond

a reasonable doubt each element of the offenses. "In reviewing a sufficiency of the evidence

claim on a habeas petition, we must view the evidence in the light most favorable to the

government and determine whether '*any* rational trier of fact could have found the essential

elements of the crime beyond a reasonable doubt.'" *Vecker v. Lockhart*, 971 F.2d 172, 175 (8th

Cir. 1992) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).  A judgment by a state appellate

court rejecting a challenge to the sufficiency of the evidence is entitled to great deference by

federal courts. *See Wallace v. Lockhart*, 701 F.2d 719, 728 (8th Cir. 1983).  Here, Anderson argued

on direct appeal to the Arkansas Court of Appeals that testimony from the witnesses was so

inconsistent that it was unreliable.  The court rejected the argument finding it to be inadequate

and frivolous, finding that Anderson neither cited authority nor advanced any argument in

support.  *See Anderson v. State,* 2009 WL 196315, at *1 (Ark. App. Jan. 28, 2009).  Because

Anderson did not follow established Arkansas procedure concerning directed-verdict motions,

the claim is procedurally defaulted.

Grounds two and three are likewise defaulted.  With respect to ground two, the Arkansas

Court of Appeals held that Anderson waived any objections after concurring in the makeup of

---

[3]Anderson does not contend that he is innocent—only that the evidence was insufficient to prove beyond a reasonable doubt that he "purposely shot"  (DE #11, Reply, at 12).  He does not argue he is not felon, that he did not have a gun, or that he did not shoot a gun in the club. Anderson merely notes that he did not know that a fight would occur and that the offense happened "in the heat of passion that aroused from sudden provocation" and that he was "in fear of being . . . harmed." *Id.* at 13.  It is not the duty or role of this court to second guess the jury in an attempt to determine if any alternative finding was possible.

the jury, and in any event, could not show prejudice.  The Arkansas appellate court does not

recognize the doctrine of "plain error" and requires that, for an argument for reversal to be

considered, an appropriate objection must have been made in the trial court.  *Wicks v. State*, 270

Ark. 781, 785, 606 S.W.2d 366, 369 (1980); *see also Smith v. Lockhart*, 697 F.2d 267, 269 (8th Cir.

1983) ("Failure to object at trial, absent a showing of cause for not objecting and the resultant

prejudice, precludes federal habeas corpus review.").  As to ground three, the Arkansas Court

of Appeals ruled that "[w]ithout a more precise allegation . . . or a showing on his part as to how

he was harmed, the circuit court had no basis to grant a new trial." *Id.* at *2.  "In the absence

of a timely and specific objection, Arkansas law precludes appellate consideration[.]" *Spillers v.*

*Housewright*, 692 F.2d 524, 526 (8th Cir. 1982).

Anderson asserts that he raised grounds five, six, seven, and eight in his Rule 37 petition

and that the Court failed to address them. He claims that, after he received the trial court's denial

of his Rule 37 petition, he filed a Rule 60 motion requesting the trial court to address his

additional claims.  It does not appear that the trial court ever ruled on the motion.  In addressing

the denial of the Rule 37 petition on appeal, the Arkansas Supreme Court noted that Anderson

filed a motion with the trial court to submit an overlength petition with additional pages that

contained other claims.  The Arkansas Supreme Court noted that the trial court's order did not

indicate that permission was granted for the overlength petition or address any claims included

on the additional pages.  The Arkansas Supreme Court held that it was Anderson's obligation

to obtain a ruling on issues to be preserved for appeal, but then went on to state that, even if any

additional materials were considered by the trial court, Anderson "clearly could not prevail on

appeal." *Anderson v. State*, 2009 Ark. 493, at *2.  As the court noted, although Anderson

"attempted to frame the constitutional issues as claims of an insufficient number of jurors, the

claims actually concerned the qualifications of the particular juror to serve.  Such a claim is a

direct attack on the verdict and not a cognizable claim in a Rule 37.1 proceeding."  *Id.*

Therefore, claims seven and eight would not have been addressed by the trial court anyway.  *See*

*Watson v. State*, 2012 Ark. 27, at *3, 2012 WL 234634, at *2 ("Assertions of trial error, even those

of constitutional dimension, must be raised at trial and on appeal.").

Ground five involves counsel's alleged failure to show as evidence the video statement

of shooting victim, Reco Webb.  This claim was not one of the "additional claims" mentioned

by the Arkansas Supreme Court and neither was ground six–counsel's failure to make a

sufficient directed-verdict motion.[4]  Thus, the Court finds that Anderson did not present these

arguments to the state courts.  "A federal court can consider the merits of a habeas corpus

petition only when the prisoner has 'fairly presented' to the state courts the 'substance of his

federal habeas corpus claim."  *Anderson v. Harless*, 459 U.S. 4, 6 (1982).  To meet the fair

presentation requirement, "state prisoners must give the state courts one full opportunity to

resolve any constitutional issues by invoking one complete round of the State's established

---

[4]Anderson notes that he filed a complaint against his trial counsel with the Arkansas
Supreme Court Office of Professional Conduct and that his trial counsel was cautioned for
violations of Rules 1.1, 3.4(c), and 8.4(d) of the Rules of Professional Conduct.  A panel of the
Committee did find that counsel violated these rules because he failed to make an adequate directed-
verdict motion addressing any specific deficiency in the state's proof, and he failed to be thorough
and cite authority to support his position.  However, an attorney's disciplinary or licensing problems,
or his breaches of any ethical duties, are insufficient by themselves to establish ineffective assistance
of counsel. *Mickens v. Taylor*, 535 U.S. 162, 176 (2002); *Noe v. United States*, 601 F.3d 784, 791 (8th
Cir. 2010).

appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Because Anderson did not fairly present these claims for review, they are barred from federal review.[5]

Because the abovementioned claims are defaulted, Petitioner must meet the strict cause and prejudice or actual innocence standards." *Moore-El v. Luebbers*, 446 F.3d 890, 896 (8th Cir. 2006). "'[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded . . . efforts to comply with the State's procedural rule.'" *Greer v. Minnesota*, 493 F.3d 952, 957 (8th Cir. 2007) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). There is no "'exhaustive catalog of [the] objective impediments,'" nor have "the precise contours of the cause requirement been clearly defined." *Ivy v. Caspari*, 173 F.3d 1136, 1140 (8th Cir. 1999) (quoting *Murray*, 477 U.S. at 488). "At a minimum, however, [Petitioner] must show that 'something external to [him], something that cannot be fairly attributed to him,' caused the procedural default." *Id.* (quoting *Coleman v. Thompson*, 501 U.S. 722, 753 (1991).

Anderson argues the "cause" for his procedural default was the State and its failure to consider all of his claims and motions. He states failure to consider his claims will result in a

---

[5]In *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), the Supreme Court recently held that when a state court requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of ineffective-assistance claim in two circumstances—the one applicable here being where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial. To overcome the default, a prisoner must demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit. Anderson has not made such a demonstration.

fundamental miscarriage of justice.[6]  The Court finds that Anderson cannot show that the state

court somehow caused his failure to comply with the state's rules regarding Rule 37 petitions.[7]

The law is clear that a petitioner's pro se status, limited education, or unfamiliarity with the law

or procedure does not constitute cause sufficient to overcome a procedural default.  *See Stanley*

*v. Lockhart*, 941 F.2d 707, 710 (8th Cir. 1991).

IT IS THEREFORE ORDERED that Petitioner's Petition for Writ of Habeas Corpus

filed pursuant to 28 U.S.C. § 2254 (DE #2) be dismissed with prejudice.  The relief prayed for

is denied.

IT IS FURTHER ORDERED that the Court not issue a certificate of appealability

because Petitioner has not made a substantial showing of a denial of a constitutional right.  28

U.S.C. § 2253(c)(1)-(2).

SO ORDERED this 9th day of July, 2012.

_____
UNITED STATES MAGISTRATE JUDGE

---

[6]To fit the fundamental miscarriage of justice exception, a petitioner must make a showing of actual innocence.  *Schlup v. Delo*, 513 U.S. 298, 321 (1995).  Petitioner does not contend that he is actually innocent—only that the evidence was insufficient to convict him.  The actual innocence exception does not apply to a habeas petitioner who does not claim that he is innocent of the crime. *See Morris v. Norris*, 83 F.3d 268 (8th Cir. 1996) (holding that actual innocence exception did not apply to habeas petitioner who did not claim that he was innocent of crimes at issue but, rather, claimed that he was less culpable than the jury found him to be).

[7]Arkansas Rule of Criminal Procedure 37.1(b) provides that the petition, whether handwritten or typed, may not exceed ten pages or thirty lines per page and fifteen words per line. The Court can dismiss any petition that fails to comply with the rule.